**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Juan C.M.C.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civ. No. 26-2402 (JWB/ECW)

**ORDER ON EMERGENCY MOTIONS FOR SHOW CAUSE**

---

On April 29, 2026, Petitioner Juan C.M.C. filed a petition for a writ of habeas corpus ("Petition"). (Doc. No. 1.) On July 22, 2026, the Petition was granted in part, and Respondents were ordered to provide Petitioner with a bond hearing within seven days of the order. (Doc. No. 19.) Petitioner's continued detention, under the particular circumstances presented in his case, did not satisfy procedural due process. (*Id.* at 9.) Respondents were given until July 29, 2026, to remedy that violation. (*Id.* at 11–13.)

Petitioner then filed two Emergency Motions for an Order to Show Cause alleging that the custody hearing conducted on July 29, 2026, did not provide the constitutionally adequate process required by the July 22, 2026 Order, and that Respondents transferred Petitioner outside of the District of Minnesota in violation of that same Order. (*See* Doc. Nos. 21, 25.) Petitioner alleges, among other things, that neither he nor his counsel

received advance notice of the July 29 hearing, that counsel therefore had no opportunity to participate, and that the hearing nevertheless proceeded. (*Id.*) On July 30, and August 5, 2026, Respondents were ordered to respond to Petitioner's motions. (Doc. Nos. 23, 28.)

The July 29, 2026 proceeding before the Immigration Judge did not satisfy the July 22, 2026 Order. Respondents were required to provide constitutionally adequate process. Petitioner was represented by counsel, and by all accounts, the Immigration Judge and Respondents knew that. (Doc. No. 22 ¶¶ 1, 2, 5; Doc. No. 29 at 1–2; Doc. No. 31 ¶¶ 3–6; Doc. No. 33 ¶¶ 5–10.) Counsel received no notice of the hearing. (Doc. No. 22 ¶¶ 6, 8; Doc. No. 31 ¶¶ 2–3.) Petitioner appeared without advance notice, without the evidence counsel had prepared on his behalf, and the proceeding went forward despite the Immigration Judge's awareness that Petitioner had counsel who was absent. The custody hearing therefore did not provide the meaningful opportunity to test the justification for continued detention that the July 22, 2026 Order required.

The July 22, 2026 Order was clear about the consequence if that constitutionally adequate process was not provided within seven days. Petitioner was to be released. That deadline has passed. The remedy previously ordered will be enforced.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Emergency Motions for an Order to Show Cause (Doc. Nos. 21, 25) are **GRANTED IN PART** consistent with the above.

2. Respondents must immediately return Petitioner to the District of Minnesota and release Petitioner from custody in accordance with the July 22, 2026

Order. (*See* Doc. No. 19.)

3. When Petitioner is released:

a. **Release and Return of Property.** When Respondents release Petitioner, he must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

b. **Return to Minnesota.** If Petitioner is currently held outside Minnesota, Respondents shall initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

c. **Weather-Related Delay.** If weather conditions present a safety risk at the time of release, Respondents may delay physical release only for the brief period necessary to ensure safe release. Any such delay must be strictly limited and may not be used to justify continued custody where a safe alternative is available.

d. **No Recharacterization of Custody.** Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order would require Petitioner's release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

4. **Notice.** Within **48 hours** of entry of this order, Respondents shall file a status update confirming the time, date, and location of Petitioner's release.

5. Petitioner's Second Emergency Motion for an Order to Show Cause (Doc. No. 25) is **GRANTED** to the extent the motion requests Petitioner's return, and **DENIED** to the extent the motion requests further contempt proceedings.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Date: August 13, 2026
Time: 2:51 p.m.

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge